**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NATIONAL FIRE INSURANCE** | : | **NO.: 1:10-CV-02220** |
| **COMPANY OF HARTFORD,** | : | |
| **Plaintiff** | : | **JUDGE CONNER** |
| **v.** | : | |
| | : | **MAGISTRATE JUDGE METHVIN** |
| **KEYSTONE FRUIT MARKETING,** | : | |
| **INC.,** | : | |
| **Defendant** | : | |
| | : | |

**REPORT AND RECOMMENDATION ON DEFENDANT'S**
**MOTIONS TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND (3)**
**(Docs. 10, 33)**

This plea for relief under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, asks the Court to decree that plaintiff National Fire Insurance Company of Hartford has no obligation to provide coverage for certain losses that defendant Keystone Fruit Marketing, Inc. has claimed.

Keystone has filed two motions to dismiss.[1] The motions have been referred to the undersigned magistrate judge for a report and recommendation.[2] For the following reasons, it is recommended that Keystone's original motion[3] be granted.

_____

[1] Docs. 10, 33. Counsel for Keystone requested oral argument on the motion. )*See* Doc. 10, ¶ 6.) However, in light of the recommendation, no oral argument was held.

[2] On April 11, 2011, Judge Conner referred defendant's first motion to dismiss to Magistrate Judge Prince. (Doc. 30.) That motion and defendant's second motion were subsequently referred to the undersigned magistrate judge. (Doc. 34.)

[3] Doc. 10.

2

### *Issues Presented*

Keystone seeks dismissal on several legal theories:

1.    Jurisdiction under the Declaratory Judgements Act is discretionary, and the Third Circuit's decision in *State Auto Ins. Cos. v. Summy*, 234 F.3d 111 (3d Cir. 2000), requires a district court to decline jurisdiction in an insurance case like this one.

2.    The Supreme Court's decisions in *Co. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), *La. Power & Light Co. v. Thibodaux*, 360 U.S. 25 (1959), and *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), require that this Court abstain from rendering a decision in this case.

3.    The Middle District of Pennsylvania is the wrong forum for this suit based on *forum non conveniens.*

### *Findings and Conclusions*

## I. Facts of the case

The facts as recounted here are taken primarily from the complaint and attached exhibits. Allegations in the complaint are assumed to be true. The facts are detailed only as necessary for disposition of the pending motion.

National Fire is an Illinois insurance company licensed to do business in Pennsylvania.[4] Keystone is a Pennsylvania corporation with its principal place of business in Pennsylvania.[5] Two other entities relevant to this dispute, Walla Walla River Farms,

---

[4] Compl. ¶ 1, Doc. 1.

[5] *Id.* ¶ 2.

3

L.L.C. (River Farms) and Agraventure Farms, L.L.C. (Agraventure), are both Washington corporations.[6]

Thomas L. Barnett, Jr., was an employee of Keystone and the general manager of Keystone's office in Walla Walla, Washington.[7] He was also general manager for River Farms, authorized to "act for and on behalf of [River Farms] to carry out and perform transactions" using a payroll account held by American West Bank.[8] Agraventure also employed Barnett as its general manager, vesting him with responsibility for day-to-day operations and "full authority to act on behalf of the Managers and bind [Agraventure] with respect to matters in the ordinary course of the [Agraventure's] business."[9]

Around August 2008, Keystone discovered that Barnett had been using corporate funds from Keystone, River Farms, and Agraventure for personal expenses.[10] Barnett concealed his fraudulent transactions by lying and transferring funds between Agraventure and River Farms.[11] He confessed when confronted, and was terminated from

---

[6] *Id.* ¶¶ 12, 14.

[7] *Id.* ¶ 11.

[8] *Id.* ¶ 13.

[9] *Id.* ¶ 16.

[10] *Id.* ¶ 18.

[11] *Id.*

4

his positions at all three companies.[12] Keystone, River Farms, and Agraventure subsequently undertook the process of identifying the fraudulent transactions that Barnett had made.[13]

National Fire had issued Keystone an insurance policy that included coverage for, among other things, "Employee Dishonesty."[14] Around September 2008, a "Property Loss Notice" was submitted on behalf of Keystone stating that an employee of Keystone "converted business expense[s] into personal expense[s] and collected over $25,000 illegally."[15] In November 2008, at National Fire's request, Keystone submitted a sworn "Proof of Loss" claiming a total of $305,251.50 in losses incurred by Barnett.[16] In December, National Fire acknowledged coverage for $23,397.30 for Keystone's losses, but denied coverage for losses sustained by Agraventure and River Farms.[17]

Intending to file suit, Keystone gave National Fire the twenty-day notice required by Washington state law.[18] During that twenty-day period, National Fire filed the instant

---

[12] *Id.* ¶ 19.

[13] *Id.* ¶ 20.

[14] *Id.* ¶¶ 21, 24.

[15] *Id.* ¶ 34.

[16] *Id.* ¶ 35.

[17] *Id.* ¶¶ 36, 37.

[18] Letter from George Ahrend, Ahrend Law Firm PLLC, to Christine M. Tribe, Paralegal, Office of the Insurance Commissioner (Oct. 11, 2010), Doc. 11-1, at 2.

action now before the Court. Roughly one month later, Keystone filed its own declaratory

judgment action in Washington state court.[19] The pending motions are now ripe for

adjudication.[20]

## II. Standard of review

The court's task on a Rule 12(b)(6) motion to dismiss for failure to state a claim is to

"determine whether, under any reasonable reading of the pleadings, the plaintiffs may be

entitled to relief." *Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir. 2000). In

doing so, all factual allegations and all reasonable inferences drawn therefrom are

assumed to be true. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). The court, however,

need not accept as true a complaint's "bald assertions" or "legal conclusions." *In re*

*Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997). Thus, a

Rule 12(b)(6) motion does not serve to question a plaintiff's well-pleaded facts, but rather

tests the legal foundation of the plaintiff's claims. *United States v. Marisol, Inc.*, 725 F.

Supp. 833, 836 (M.D. Pa. 1989).

---

[19] Complaint, *Keystone Fruit Marketing, Inc. v. Nat'l Fire Ins. Co.*, Doc. 11-2, at 1–12.

[20] National Fire initiated this suit on October 27, 2010, with the filing of its complaint
(Doc. 1). On November 29, 2010, Keystone filed a motion to dismiss (Doc. 10) under
Federal Rule of Civil Procedure 12(b)(1) and (3). On that day and the following,
Keystone filed a brief in support (Docs. 11) and several exhibits (Doc. 9). National Fire
filed a brief in opposition (Doc. 18) and supporting exhibits (Docs. 18-1 to 18-6) on
December 13, 2010, to which Keystone filed a reply brief (Doc. 24) on January 6, 2011.
Keystone filed a second motion to dismiss (Doc. 33)  on May 12, 2011, but never filed a
brief in support.

6

In 2007, the Supreme Court abrogated its longstanding decision in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), which had held that a complaint may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The Court retired this "no set of facts" language in favor of a new standard: a plaintiff's obligation to state a claim for relief under Rule 8(a)(2) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As a result of *Twombly*, plaintiffs were required to nudge their claims "across the line from conceivable to plausible." *Id.* at 570. To state a claim that satisfies Fed. R. Civ. P. 8(a)(2), which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 555. "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (citing *Twombly*, 550 U.S. at 555 n.3). According to this standard, a court may dismiss a complaint if it fails to "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

7

Moreover, the Court's more recent decision in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), held that the pleading requirements of Rule 8 mark "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Consequently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the complaint should be dismissed. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

## III. Discussion

As an initial matter, Keystone's second motion to dismiss should be deemed withdrawn. Under Local Rule 7.5, a motion "shall be deemed to be withdrawn" if a supporting brief is not filed within the requisite period of time, which in this case is fourteen days.

### (A) Declaratory Judgment Act and Summy

Keystone argues that the Court should decline to exercise its discretionary jurisdiction over plaintiff's request for declaratory judgment. This argument relies heavily on *State Auto Ins. Cos. v. Summy*, 234 F.3d 131 (3d Cir. 2000).

*Summy* addressed the considerations attending a district court's decision whether to entertain pleas for declaratory judgment in insurance-coverage cases. Underlying *Summy* was a suit for damages on behalf of a child who had allegedly suffered lead poisoning in

his home. *Id.* at 131. The child's parents sued E & J Rentals, the company that owned the home; E & J Rentals notified State Auto Insurance Company, its insurer, of the pending suit. *Id.* at 132. State Auto replied that E & J's claim fell within an exclusion to the policy. *Id.* E & J's attorney sent a letter to State Auto stating his intention to seek a declaratory judgment in state court to resolve the matter. *Id.* State Auto responded by filing its own declaratory judgment action in federal court. *Id.* Shortly after moving to dismiss or stay the federal action, E & J filed its own suit for declaratory judgment in state court. *Id.* In the federal action, the district court denied E & J's motion to dismiss or stay and eventually granted State Auto's motion for summary judgment. *Id.* E & J appealed. *Id.*

The Third Circuit began its analysis by emphasizing the discretionary nature of federal jurisdiction under the Declaratory Judgment Act. *Id.* at 133 (citing 28 U.S.C. §§ 2201 and 2202). Under the Act, a court "*may* declare the rights . . . of any interested party." *Id.* (emphasis added in *Summy*) (quoting 28 U.S.C. § 2201(a)). As the Supreme Court indicated seventy years ago, parallel state-court litigation counsels caution:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Id.* (quoting *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942)). A review of later cases underscored the general preference for federal abstention when an issue is already

being litigated in state court. *Id.* at 133–34 (discussing, *inter alia*, *Co. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), and *United States v. Pa. Dep't of Envtl. Res.,* 923 F.2d 1071, 1075 ( 3d Cir. 1991).

Following a detailed discussion on the development of federal jurisprudence concerning the Declaratory Judgement Act, the Third Circuit identified three "relevant considerations" for district courts deciding whether to hear declaratory judgment actions:

1. A general policy of restraint when the same issues are pending in a state court;

2. An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion;

3. Avoidance of duplicative litigation.

*Id.* at 134 (quoting *Dep't of Envtl. Res.*, 923 F.2d at 1075–76).

Applying these considerations, the *Summy* court concluded that the case "[c]learly . . . [fell] outside the area outlined by *Brillhart* and *Wilton* as appropriate" for the district court to exercise jurisdiction. *Id.* at 135. When the district court denied E & J's motion to dismiss, E & J's petition for declaratory judgment and the underlying personal-injury action were both pending in state court before the same judge. *Id.* It was inefficient for the federal court to review the same evidence as was before the state court, and the Third Circuit decreed it "irrelevant" that E & J's state-court petition for declaratory judgment

was filed after State Auto filed its federal petition. *Id.* at 136. Federal adjudication served

no federal interests. *Id.* Finally, "E & J's vigorous objection to the District Court's

assumption of jurisdiction should have weighed in favor of refusing to entertain the

action." *Id.* Noting that "[d]ecisions in declaratory judgment actions must yield to

'considerations of practicality and wise judicial administration,'" the Third Circuit

vacated the district court's grant of summary judgment to State Auto and remanded with

instructions to dismiss the complaint. *Id.* (quoting *Wilton v. Seven Falls Co.* 515 U.S. 288

(1995)).

The case at bar bears enough similarity to *Summy* that the same result should obtain.

Although the present case presents no conflicts of interest of the sort discussed in *Summy*

and *Dep't of Envtl. Res.*, the same concerns for judicial economy and for allowing state

courts to resolve state-law matters apply. As in *Summy*, it makes no difference that the

state-court action was filed only after this federal action commenced. The crucial fact is

that a state-court action is indeed underway, and there is no benefit in this Court and the

Washington state court reviewing the same evidence and arguments. To the contrary,

duplicative adjudication is wasteful and inefficient. No federal interests are at stake here.

As for defendant's own stake in this dispute, it would be fair to say that Keystone has

"vigorously object[ed]" to federal jurisdiction by filing the motion to dismiss now under

consideration.

National Fire's arguments opposing dismissal are not persuasive. First, *Summy* applies

regardless of whether a parallel state-court action commenced before or after the federal

action, rendering inapposite plaintiff's stress on this federal action having been filed first.

Second, plaintiff's argument that Pennsylvania law should govern this dispute rather than

Washington law is inapposite. The applicability of Pennsylvania law would not weigh in

favor of federal jurisdiction. The central question is whether the controversy may better

be settled in state court, regardless of what law applies. *Dep't of Envtl. Res.*, 923 F.2d at

1075 (3d Cir. 1991).  Third, National Fire's distinctions between this case and *Summy* are

not significant enough to affect the analysis. It may be true that there were two state-court

actions pending in *Summy* and that evidence had already been presented, unlike the

Washington action running parallel to this case, in which it appears that discovery may

not yet have been completed.[21] Nonetheless, there is no dispute that the parties and issues

are the same in both this case and the Washington case, which means that any

presentation of evidence, witnesses, or arguments on the merits will be substantially

identical.

The thorough overlap of this case and the Washington state-court case also reveals as

misguided plaintiff's emphasis on *Canal Ins. Co. v. Paul Cox Trucking*, No. 05-2194,

2006 WL 2828755 (M.D. Pa. Oct. 2, 2006) (Conner, J.). In *Canal Insurance*, the court

---

[21] The record does not reveal the state of the Washington court proceedings, but plaintiff
referred to its intention to seek removal and dismissal of that case. (Pl.'s Br. in Opp. to
Def.'s Mot. to Dismiss at 6, Doc. 18.)

12

opted to exercise jurisdiction over a case dealing with the scope of insurance coverage,

despite there being related state proceedings pending. *Id.* at *1. Significantly, though, the

underlying state-court case in *Canal Insurance* did not address the issue of insurance

coverage; it addressed negligence and the corresponding liability of a third party. *Id.* at

*3. *Canal Insurance* explicitly distinguished *Summy* as being a case in which a parallel

declaratory judgment action was pending – a distinction that cannot be made here. *Id.* at

*3 n.10. Moreover, resolution in *Canal Insurance* required "application of federal law

defining interstate commerce," *id.* at *4, providing grounds for federal jurisdiction that

are absent in the present case.

### *(B) Other suggested grounds for dismissal*

Given the propriety of declining jurisdiction under the Declaratory Judgment Act,

there is no need to address defendant's other arguments for dismissing this case.

## IV. Conclusion

For the foregoing reasons, it is recommended that this Court GRANT defendant's

motion to dismiss.

Signed on June 8, 2011.

_____
MILDRED E. METHVIN
UNITED STATES MAGISTRATE JUDGE