IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,<br>　　　　Plaintiff<br><br>　　v.<br><br>KEYSTONE FRUIT MARKETING, INC.,<br>　　　　Defendant | :　CIVIL ACTION NO. 1:10-CV-2220<br>:<br>:　(Judge Conner)<br>:<br>:<br>:<br>:<br>: |

## MEMORANDUM

Presently before the court are the objections (Doc. 36)[1] of plaintiff National Fire Insurance Company of Hartford ("National Fire") to the June 8, 2011 Report and Recommendation of the Honorable Mildred E. Methvin, which recommends that this court grant the motion to dismiss (Doc. 10) filed by defendant Keystone Fruit Marketing, Inc. ("Keystone").

The court has recently benefitted from the August 1, 2011, decision of the Honorable Rosanna Malouf Peterson, Chief Judge of the Eastern District of Washington, in the parallel but second-filed case of <u>Keystone v. National Fire</u>, Civil No. 10-5145 (RMP). In this decision, Chief Judge Peterson entered an order[2] denying National Fire's motion to dismiss and staying the matter pending the undersigned's resolution of National Fire's objections. Underlying Chief Judge Peterson's stay of proceedings are

---

[1] The court rejects Keystone's argument that National Fire's objections are untimely. The objections were timely filed. <u>See</u> Electronic Case Filing Policies and Procedures No. 4, "Consequences of Electronic Filing" ("In accordance with Fed. R. Civ. P. 6(d) . . . service by electronic means is treated the same as service by mail for the purposes of adding three (3) days to the prescribed period to respond.").

[2] The order also denied Keystone's motion for remand (Doc. 39-1).

quintessentially appropriate concerns in cases of parallel proceedings: "to ensure that the parties have an opportunity to be heard while avoiding the risks of duplicative and inefficient court proceedings." (Doc. 39-1, p. 14).

In the case *sub judice*, the court is cognizant of the Magistrate Judge's incorrect reference to a "Washington state court" proceeding, and the court has carefully reviewed the remaining assignments of error set forth in National Fire's objections. The Magistrate Judge's reference to state court proceedings is an inadvertent error based, no doubt, upon Keystone's initial filing in Washington state court. That National Fire subsequently removed the Washington state litigation to federal court is of no consequence to the issues at bar. National Fire's remaining objections relate to the Magistrate Judge's reliance on State Auto Ins. Co. v. Summy, 234 F.3d 131 (3d Cir. 2000) and her Honor's purportedly erroneous finding that "this Court and the Washington state court [would be] reviewing the same evidence and arguments." (Doc. 36, p. 3 ¶8).

The court concurs with Judge Methvin's conclusion that the Third Circuit's decision in Summy controls for several reasons. First, we note that National Fire's objections are patently inconsistent with its arguments in the parallel Washington litigation, wherein it stated:

> The gravamen of Keystone's claims is that National Fire is obligated to provide insurance coverage for Burnett's theft or alleged thefts. Keystone I [Pennsylvania case] and Keystone II [Washington case] are premised upon the same operative facts and assert reciprocal claims.

(Doc. 23-3, p. 5) (emphasis added). Second, jurisdiction conferred by the Declaratory Judgment Act is wholly discretionary, and this court is under no obligation to exercise

2

that discretion.  Wilton v. Seven Falls Co., 515 U.S. 277, 287-88 (1995); State Auto ins. Co. v. Summy, 234 F.3d 131, 133 (3d Cir. 2000).  Third, as in Summy, there was a parallel state court proceeding, albeit now removed to the Eastern District of Washington. National Fire filed its complaint in the instant matter thirteen days after Keystone served mandatory presuit notice required by Washington law.  See Doc. 39 at 11.  Fourth, there is a clear need to avoid duplicative litigation because (as noted by Chief Judge Peterson) "[t]he parties do not dispute that the [E.D. Wash.] action and the action filed in the Middle District of Pennsylvania involve the same parties and issues."  Id. at 7 (citations omitted).  Finally, Chief Judge Peterson has explicitly declared that "if the Middle District of Pennsylvania declines to exercise jurisdiction, this Court will exercise jurisdiction over the present action."  Id. at 13.  Accordingly, the parties are not without a forum for resolution of the instant dispute.

For all of the foregoing reasons, the court will adopt the Report and Recommendation of the Magistrate Judge, and grant the motion to dismiss (Doc. 10).

An appropriate order shall issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        August 23, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,** | : | **CIVIL ACTION NO. 1:10-CV-2220** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **KEYSTONE FRUIT MARKETING, INC.,** | : | |
| Defendant | : | |

## **O R D E R**

AND NOW, this 23rd day of August, 2011, in accordance with the accompanying memorandum, it is hereby ORDERED that:

1. The Report and Recommendation (Doc. 35) of the Magistrate Judge are ADOPTED.

2. Defendant's second Motion to Dismiss (Doc. 33) is deemed WITHDRAWN. See L.R. 7.5.

3. Defendant's original Motion to Dismiss (Doc. 10) is GRANTED.

3. The Clerk of Court is ORDERED to CLOSE this matter.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge